UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-cv-562

| | |
|---|---|
| OBAMIKEL ALSTON | ] |
| and FIKRIYYAH ALSTON | ] |
| *Plaintiffs* | ] |
| | ] |
| V. | ] |
| | ] |
| THE BANK OF NEW YORK | ] |
| MELLON, et al, | ] |
| | ] |
| *Defendants* | ] |

**PROPOSED JOINT RULE 26(f) REPORT AND PLAN**

Counsel for Plaintiffs and Defendants held a telephonic Rule 26(f) conference at 3:20p.m., Monday April 4, 2011. The persons participating in the conference were H.E. Luke Lucas and Jeffrey S. Nowak, counsel for the Plaintiffs; and Avery Simmons, counsel for the Defendants Bank of New York Mellon ("BONY"), Saxon Mortgage Services, Inc. ("Saxon"), Novastar Mortgage ("Novastar") and MERSCorp. The following issues were considered and discussed at the conference and the resolution of those discussions are included herein:

A. **Discussion of the Nature and Complexity of the Case**

1. <u>The asserted basis for the court's subject matter jurisdiction</u>: No issue on subject matter and personal jurisdiction exists in this case; although BONY contests subject matter jurisdiction in a companion case with the same parties, case no. 5:11-cv-56. In the above-styled case, Plaintiffs plead Fraud, Misrepresentation, Abuse of Process, Deceptive and Unfair Trade Practices, Negligent Supervision, and violations of the FDCPA. Defendants filed a Motion to Dismiss on April 8, 2011. Plaintiffs intend to oppose such Motion, with the deadline being May 2, 2011.

2. The key factual and legal issues in this case are:

a) Plaintiffs allege issues with the Nature of MERS, whether Defendants held title in due course, whether certain assignments were valid and lawful, and whether the foreclosure action was lawful.

b) Defendants claim the foreclosure was proper; was declared valid by the State Court Clerk for Wake Count, NC; and that the proper chain of title and assignments was present.

3. A breakdown of the damages sought: Damages sought by Plaintiffs are:

a) costs of suit, including attorneys' fees;

b) value of the property;

c) incidental damages;

d) punitive damages;

B. **Specific Information Concerning Proposed Discovery**

1. The subjects on which discovery may be needed.

a) Initial Mandatory Disclosure has been ordered.

b) Plaintiffs claim discovery is needed on: 1) statements of the corporate officers and agents of the Defendant Corporations; 2) written, electronic and telephonic communications or correspondence between various Defendants; 3) internal operating policy memoranda of the Defendants; 4) names of specific individuals who participated in the transactions alleged by the Plaintiffs in the Complaint; 5) training manuals or position papers created or disseminated by Defendants relevant to their operating procedures and position qualifications. Defendants seek discovery on all documents, correspondence, and tangible things that Plaintiffs may use to support their claims or defenses.

2. <u>Whether discovery conducted in phases and/or focused upon particular issues</u>.

Counsel agree that discovery need not be conducted in phases with the exception of expert witnesses the discovery for which should take place after factual discovery.

3. Categories of discovery and proposed limitations.

   a) Counsel agree that discovery will consist of Interrogatories, Requests for Admissions, Requests for Documents, ESI and Depositions.

   b) Defendants will attempt to limit the time periods for which discovery may be requested. Plaintiffs may seek a broader time frame for discoverable material than defense counsel deems relevant.

4. <u>Issues relating to ESI (electronically stored information)</u>.

   a) Discussion was held concerning the amount of ESI Plaintiffs would seek. Plaintiffs intend to seek emails generated by Defendants relevant to this case. Defendants intend to seek all electronically stored information that is relevant to Plaintiffs' claims.

5. <u>Issues of claims, privileges or protection as trial-preparation materials</u>.

No issues arose concerning trial preparation materials. No issues arose as to claims. No issues arose as to privileges.

6. <u>Date of discovery conclusion</u>.

Counsel agreed that factual discovery can be concluded no later than 4 months after the Court's ruling on Defendants' Motions to Dismiss.

7. <u>Particular discovery problems</u>.

Defendants foresee issues relating to the breadth and scope of discovery Plaintiffs seeks.

**C. Proposed Deadlines In Addition to the Deadline for Discovery Mentioned Above:**

1. <u>Disclosure of expert witness information</u>.

Plaintiffs' Counsel has agreed to identify expert witnesses within 30 days after the conclusion of factual discovery and to produce Plaintiffs' expert reports 30 days after that date. Defense counsel agreed to identify their expert witnesses within 30 days after Plaintiffs' expert reports are filed and to produce their expert witness reports within 30 days thereafter. Expert depositions should be completed within 45 days after Defendants produce their expert reports.

2. <u>Joining additional parties</u>.

None are anticipated at the present time.

3. <u>Amending Pleadings</u>.

The Plaintiffs and the Defendants submit that all amendments to pleading should occur within 30 days after the Court's ruling on Defendants' Motions to Dismiss; although Defendants in no way consent to allowing Plaintiffs to amend the Complaint.

4. <u>Filing of all motions</u>.

Counsel agree that the deadline for filing dispositive motions should be 60 days after all discovery has been completed.

5. <u>Setting the pre-trial conference</u>.

Counsel agree that the pre-trial conference should take place no later than 30 days prior to trial.

6. <u>Establishment of trial date</u>.

Counsel agrees that the trial of this matter should be scheduled within 90 days from the deadline for filing dispositive motions. Plaintiffs' counsel anticipates and hopes to reach an earlier date for trial.

**D. Possibility of Settlement and Method of ADR and Proposed Deadline for Completion.**

    1. <u>The proposed method of ADR is mediation</u>.  The possibility of settlement appears slim at this time.  A demand was made by Plaintiffs and is being considered by Defendants. The deadline for mediation has not been agreed upon.  Counsel have agreed to submit this matter to a Magistrate Judge for a mediated settlement conference.   Counsel for Defendants believes mediation is appropriate only after all discovery has been completed.   Plaintiffs' counsel desires to attempt a mediated settlement conference after the Court's ruling on Defendants' various Motions to Dismiss.

**E. Whether Magistrate May Conduct All Hearings.**

    Counsel have not jointly agreed to consent to a magistrate judge for the conduct of hearings, but rather, desire this matter to be conducted before a United States District Court Judge.

**F. Whether Rule 16(b) Pre-Trial Conference is Requested**.

    Not at this time.

**G. Case Deadlines**.

    Set by the Court.

**H. Potential of Consolidation or Assignment**.

    There is a potential for consolidation of a removed case 5:11-cv-56.  Defendants will object to consolidation.

**I. Personal/Professional Considerations Affecting Scheduling**.

    Counsel for Defendants is unavailable May 23 through June 10, 2011.

Respectfully submitted:

/s/ H.E. Luke Lucas
H.E. LUKE LUCAS

&

/s/ Jeffrey S. Nowak
JEFFREY S. NOWAK
2631 E. Geer Street
Durham, NC 27704
Telephone: (919) 237-1934
lucasandnowak@nc.rr.com
*Counsel for Plaintiffs*

/s/ Avery A. Simmons
Avery A. Simmons
Bradley Arant Boult Cummings LLP
100 North Tryon Street, Suite 2690
Charlotte, NC 28202
Telephone: (704)338-6021
Facsimile: (704) 332-8858
asimmons@babc.com
*Counsel for Defendants Bank of New York Mellon, Saxon Mortgage Services, Inc., Novastar Mortgage and MERSCorp*